# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW JERSEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | Civil Action No. <br> 25-cv-404-JJM-AEM |

## DEFENDANTS' UNOPPOSED MOTION FOR STAY OF MOTION TO DISMISS DEADLINE IN LIGHT OF LAPSE IN APPROPRIATIONS

Defendants hereby move for a stay of their October 21, 2025 deadline to file a motion to dismiss in the above-captioned case. Defendants have conferred with Plaintiffs, who do not oppose the relief requested herein. As good cause for this relief, Defendants represent the following:

1. On August 18, 2025, Plaintiffs filed a complaint for declaratory and injunctive relief challenging language in various Notices of Funding Opportunity ("NOFOs") issued by the Department of Justice's Office of Justice Programs ("OJP") for Victims of Crime Act ("VOCA") grants administered by the Office for Victims of Crime. *See* Compl. ECF No. 1.

2. The U.S. Attorney for the District of Rhode Island was served a copy of the summons and complaint on August 22, 2025. Accordingly, Defendants' motion to dismiss the complaint in this action is due by October 21, 2025. *See* Fed. R. Civ. P. 12(a)(2).

3. On September 23, 2025, counsel for Defendants and Plaintiffs conferred in good faith regarding the timing and scope of litigation, and discussed over twenty additional NOFOs

published by OJP that contained similar language as the VOCA NOFOs challenged in the above-captioned case.

4. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for the majority of other Executive agencies, including Defendants. The Department does not know when such funding will be restored by Congress.

5. Absent an appropriation, Department of Justice attorneys and employees of the Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

6. Undersigned counsel for the Department of Justice therefore requests a stay of the motion to dismiss deadline until Congress has restored appropriations to the Department.

7. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. The Government requests that, at that point, the parties prepare a Joint Status Report for filing 10 days after funding resumes.

8. Opposing counsel has authorized counsel for the Government to state that Plaintiffs do not object to Defendants' request for a stay of Defendants' motion to dismiss deadline or to the submission of a Joint Status Report 10 days after funding resumes. Plaintiffs reserve the right to seek other relief as necessary during the pendency of the lapse in appropriations.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of Defendants' motion to dismiss deadline in this case until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

Dated: October 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Branch Director

*/s/ Natalie M. Villalon*
NATALIE M. VILLALON
D.C. Bar No. 90015127
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 860-9963
Natalie.M.Villalon@usdoj.gov

*Counsel for Defendants*