**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND**

| |
|---|
| STATE OF NEW JERSEY, *et al.*, |
| Plaintiffs, |
| *v.* |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, |
| Defendants. |

Civil Action No.
25-cv-404-JJM-AEM

**JOINT STIPULATION AND MOTION
TO HOLD CASE IN ABEYANCE**

Plaintiffs and Defendants jointly request that the Court stay all pending deadlines and hold this case in abeyance up to and including the earlier of (i) one hundred and twenty (120) days from the date the Court rules on this motion or (ii) upon the request of any party that the abeyance be lifted.

1.      Counsel have conferred in good faith regarding the timing and scope of this litigation, and jointly propose this abeyance so as to enable the Court to resolve the contested issues in the case efficiently.

2.      The United States Department of Justice ("DOJ")'s Office of Justice Programs ("OJP") is DOJ's primary grantmaking component, and contains multiple program offices, including the Office for Victims of Crime ("OVC"), the Bureau of Justice Assistance ("BJA"), the Office of Juvenile Justice and Delinquency Prevention ("OJJDP"), and the Bureau of Justice Statistics ("BJS"), among others.

3.      Plaintiffs' Complaint challenges language contained in various Notices of Funding Opportunity ("NOFOs") for Fiscal Year ("FY") 2025 OVC grants administered by OJP stating that "[a]ny program or activity that, directly or indirectly, violates (or promotes or facilitates the violation of) federal immigration law (including 8 U.S.C. § 1373) or impedes or hinders the enforcement of federal immigration law—including by failing to comply with 8 U.S.C. § 1373,

1

give access to DHS agents, or honor DHS requests and provide requested notice to DHS agents" is "out of the program scope and will not be funded" (the "Challenged Provision"). *See* Dkt. 1.

4. Since the filing of the Complaint, OJP has issued awards to Plaintiffs for certain OVC grants. Although the NOFOs for those grants contained the Challenged Provision, the award agreement for each of the corresponding grant awards issued to Plaintiff States as of the date of this motion does not contain the Challenged Provision or any substantially similar provision.

5. Also since the filing of the Complaint, OJP has issued NOFOs for over thirty additional OVC, BJA, and BJS grants that contain provisions substantially similar to the Challenged Provision. Defendants represent that for any FY 2025 NOFOs released by OJP or any of its program offices, any Challenged Provision or substantially similar provision that appears in a NOFO may or may not be included in the final award issued to Plaintiff States, and the determination to include the Challenged Provision or substantially similar provision in any final grant award will be made at the time the award is issued.

6. Defendants stipulate that they will not apply any Challenged Provision, or any substantially similar provision, to any of these awards by any other means, including, but not limited to, by adding language to the DOJ Grants Financial Guide that would apply the substance of the Challenged Provision or of a substantially similar provision to these awards. Based on this stipulation, Plaintiffs agree not to pursue their claims with respect to any FY 2025 OVC grants as to which Plaintiff States have received award agreements that do not contain the Challenged Provision.

7. However, Plaintiffs intend to pursue claims against the inclusion of the Challenged Provision or any substantially similar provision in any forthcoming award agreement for any grant administered by OJP or any of its program offices. Plaintiffs therefore intend, upon issuance of any such award agreement, to amend their complaint to (a) remove claims concerning the FY 2025 OVC grants as to which any Plaintiff State has received an award agreement that does not contain the Challenged Provision, in reliance on the stipulation set forth in paragraph 6 above; and (b) add claims concerning FY 2025 grants administered by OJP or any of its program offices as to which

any Plaintiff State receives an award agreement that contains the Challenged Provision or any substantially similar provision.

8.    In the event the Challenged Provision or any substantially similar provision is included in any of Plaintiffs' final grant agreements for FY 2025 grants administered by OJP or any of its program offices, Plaintiffs will notify Defendants, and the parties shall confer and file a joint status report within fourteen (14) days of such notification to propose a schedule for future proceedings.

9.    Good cause exists for the abeyance. *See Marquis v. FDIC*, 965 F.2d 1148, 1154-55 (1st Cir. 1992) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (observing that district courts possess the inherent power to stay proceedings for "good cause," such as "when the efficacious management of court dockets reasonably requires such intervention").

10.    The requested abeyance will allow the parties and the Court to resolve the contested issues in the case efficiently, while ensuring that the Court is not burdened with unnecessary motion practice. The requested abeyance will not cause any immediate or significant hardship to any party and will not unreasonably delay the proceedings.

Therefore, Plaintiffs and Defendants hereby jointly move that the Court stay all pending deadlines and hold this case in abeyance up to and including the earlier of (i) one hundred and twenty (120) days from the date the Court rules on this motion or (ii) upon the request of any party that the abeyance be lifted.

Dated: February 12, 2026                    Respectfully submitted,


JENNIFER DAVENPORT                          BRETT A. SHUMATE
ACTING ATTORNEY GENERAL                     Assistant Attorney General
OF NEW JERSEY                               Civil Division


/s/ *Mayur P. Saxena*                       ANDREW WARDEN
                                            Assistant Branch Director

MAYUR P. SAXENA
(NJ Bar #036502006)                         /s/ *Natalie M. Villalon*
Assistant Attorney General
New Jersey Office of the Attorney           NATALIE M. VILLALON
General                                     (DC Bar #90015127)
124 Halsey Street, 5th Floor                Trial Attorney
Newark, NJ 07101                            DOJ, Civil Division,
(609) 696-5365                              Federal Programs Branch
Mayur.Saxena@law.njoag.gov                  1100 L Street, N.W.
*Attorneys for the State of New Jersey*     Washington, D.C. 20005
                                            Phone: (202) 860-9963
*Counsel for Plaintiffs*                    Natalie.M.Villalon@usdoj.gov

                                            *Counsel for Defendants*

4