# Department of Justice (DOJ)

**Office of Justice Programs**

Bureau of Justice Assistance

*Washington, D.C. 20531*

| | |
|---|---|
| **Name and Address of Recipient:** | LAW & PUBLIC SAFETY, NEW JERSEY DEPARTMENT OF<br>25 MARKET ST FL 8 |
| **City, State and Zip:** | TRENTON, NJ 08611 |
| **Recipient UEI:** | FH4HGA3T4H65 |
| **Project Title:** FY25 Byrne State Crisis Intervention Formula Program | **Award Number:** 15PBJA-25-GG-02439-BSCI |
| **Solicitation Title:** BJA FY25 Byrne State Crisis Intervention Formula Program | |
| **Federal Award Amount:** $2,697,661.00 | **Federal Award Date:** 7/13/26 |
| **Awarding Agency:** | Office of Justice Programs<br>Bureau of Justice Assistance |
| **Award Type:** | Initial |
| **Funding Instrument Type:** | Grant |
| **Opportunity Category:** O<br>**Assistance Listing:**<br>16.738 - Edward Byrne Memorial Justice Assistance Grant Program | |
| **Project Period Start Date:** 10/1/25 | **Project Period End Date:** 9/30/28 |
| **Budget Period Start Date:** 10/1/25 | **Budget Period End Date**: 9/30/28 |

**Project Description:**
The New Jersey Department of Law and Public Safety (DLPS), Office of the Attorney General (OAG), submits this proposal to sustain and enhance New Jersey's Extreme Risk Protective Order (ERPO) program, which is informed by the ERPO Act of 2018. The program includes partnerships with the county prosecutors' offices across the state as well as the Administrative Office of the Courts to improve policies and procedures for those who may need to access an ERPO. To gauge success, ERPO filing trends will be monitored and surveys will be used to evaluate training effectiveness to ensure the program meets all statutory and federal cooperation requirements.

## Award Letter

July 13, 2026

Dear Jennifer Davenport,

On behalf of the Attorney General, it is my pleasure to inform you the Office of Justice Programs (OJP) has approved the application submitted by LAW & PUBLIC SAFETY, NEW JERSEY DEPARTMENT OF for an award under the funding opportunity entitled 2025 BJA FY25 Byrne State Crisis Intervention Formula Program. The approved award amount is $2,697,661.

Review the Award Instrument below carefully and familiarize yourself with all conditions and requirements before accepting your award. The Award Instrument includes the Award Offer (Award Information, Project Information, Financial Information, and Award Conditions) and Award Acceptance. For COPS Office and OVW funding the Award Offer also includes any Other Award Documents.

Please note that award requirements include not only the conditions and limitations set forth in the Award Offer, but also compliance with assurances and certifications that relate to conduct during the period of performance for the award. These requirements encompass financial, administrative, and programmatic matters, as well as other important

matters (e.g., specific restrictions on use of funds). Therefore, all key staff should receive the award conditions, the assurances and certifications, and the application as approved by OJP, so that they understand the award requirements. Information on all pertinent award requirements also must be provided to any subrecipient of the award.

Should you accept the award and then fail to comply with an award requirement, DOJ will pursue appropriate remedies for non-compliance, which may include termination of the award and/or a requirement to repay award funds.

Prior to accepting the award, your Entity Administrator must assign a Financial Manager, Grant Award Administrator, and Authorized Representative(s) in the Justice Grants System (JustGrants). The Entity Administrator will need to ensure the assigned Authorized Representative(s) is current and has the legal authority to accept awards and bind the entity to the award terms and conditions. To accept the award, the Authorized Representative(s) must accept all parts of the Award Offer in the Justice Grants System (JustGrants), including by executing the required declaration and certification, within 45 days from the award date.

To access your funds, you will need to enroll in the Automated Standard Application for Payments (ASAP) system, if you haven't already completed the enrollment process in ASAP. The Entity Administrator should have already received an email from ASAP to initiate this process.

Congratulations, and we look forward to working with you.

Maureen A. Henneberg
Deputy Assistant Attorney General

## Office for Civil Rights Notice for All Recipients

The Office for Civil Rights (OCR), Office of Justice Programs (OJP), U.S. Department of Justice (DOJ) enforces federal civil rights laws and other provisions that prohibit discrimination by recipients of federal financial assistance from OJP, the Office of Community Oriented Policing Services (COPS), and the Office on Violence Against Women (OVW).

Several civil rights laws, including Title VI of the Civil Rights Act of 1964 and Section 504 of the Rehabilitation Act of 1973, require recipients of federal financial assistance (recipients) to give assurances that they will comply with those laws. Taken together, these and other civil rights laws prohibit recipients from discriminating in the provision of services and employment because of race, color, national origin, religion, disability, and sex or from discriminating in the provision of services on the bases of age.

Some recipients of DOJ financial assistance have additional obligations to comply with other applicable nondiscrimination provisions like the Omnibus Crime Control and Safe Streets Act of 1968, which prohibits discrimination on the basis of religion in addition to race, color, national origin, and sex. Recipients may also have related requirements regarding the development and implementation of equal employment opportunity programs.

OCR provides technical assistance, training, and other resources to help recipients comply with civil rights obligations. Further, OCR administratively enforces civil rights laws and nondiscrimination provisions by investigating DOJ recipients that are the subject of discrimination complaints. In addition, OCR conducts compliance reviews of DOJ recipients based on regulatory criteria. These investigations and compliance reviews permit OCR to evaluate whether DOJ recipients are providing services to the public and engaging in employment practices in a nondiscriminatory manner.

For more information about OCR, your civil rights and nondiscrimination responsibilities, how to notify your employees or beneficiaries of their civil rights protections and responsibilities and how to file a complaint, as well as technical assistance, training, and other resources, please visit www.ojp.gov/program/civil-rights-office/outreach. If you would like OCR to assist you in fulfilling your civil rights or nondiscrimination responsibilities, please contact us at askOCR@ojp.usdoj.gov or www.ojp.gov/program/civil-rights-office/about#ocr-contacts.

**Memorandum Regarding NEPA**

## NEPA Letter Type

OJP - Ongoing NEPA Compliance Incorporated into Further Developmental Stages

## NEPA Letter

All BJA awards are subject to the National Environmental Policy Act (NEPA, 42 U.S.C. 4321 et seq.) and other related federal laws (including the National Historic Preservation Act), if applicable. Award recipients (and subrecipients, as applicable) must support BJA's compliance with NEPA by providing details about their project, its location, and any resources that might be affected. BJA complies with NEPA (and other related federal laws) for an award-funded activity by evaluating the environmental impacts of the activity in one of three levels of analysis: a Categorical Exclusion (CATEX), an Environmental Assessment (EA), or an Environmental Impact Statement (EIS). See https://bja.ojp.gov/funding/nepa-guidance for additional information regarding NEPA implementation.

Carefully review the conditions on this award for information about any requirements specific to NEPA compliance for this award.

After completion of any required environmental analysis, throughout the term of this award the recipient must inform BJA of (1) any change(s) that it is considering making to the previously assessed activity that may be relevant to environmental impact; or (2) any proposed new activities or changed circumstances that may require assessment as to environmental impact, such as new activities that involve the use of chemicals or involve construction or major renovation. The recipient may not implement a proposed change or new activity until BJA, with the assistance of the recipient, has determined whether the proposed change or new activity (or changed circumstances) will require additional review under NEPA. Approval for implementation will not be unreasonably withheld as long as any requested modification(s) is consistent with eligible program purposes and found acceptable under an approved environmental impact review process.

Questions about NEPA compliance may be directed to your grant manager.

**NEPA Coordinator**

| First Name | Middle Name | Last Name |
|---|---|---|
| Chris | no value | Casto |

## Award Information

**This award is offered subject to the conditions or limitations set forth in the Award Information, Project Information, Financial Information, and Award Conditions.**

### Recipient Information

**Recipient Name**

**UEI**
FH4HGA3T4H65

**Street 1**
25 MARKET ST FL 8

**Street 2**

**City**
TRENTON

**State/U.S. Territory**
New Jersey

**Zip/Postal Code**
08611

**Country**
United States

**County/Parish**

**Province**

### Award Details

**Federal Award Date**
7/13/26

**Award Type**
Initial

**Award Number**
15PBJA-25-GG-02439-BSCI

**Supplement Number**
00

**Federal Award Amount**
$2,697,661.00

**Funding Instrument Type**
Grant

| Assistance Listing Number | Assistance Listings Program Title |
|---|---|
| 16.738 | Edward Byrne Memorial Justice Assistance Grant Program |

| Statutory Authority |
|---|
| Bipartisan Safer Communities Supplemental Appropriations Act, 2022 (Pub. L. No. 117-159, 136 Stat. 1313, 1339); 28 U.S.C. 530C. |

[ ] *I have read and understand the information presented in this section of the Federal Award Instrument.*

## Project Information

**This award is offered subject to the conditions or limitations set forth in the Award Information, Project Information, Financial Information, and Award Conditions.**

**Solicitation Title**
2025 BJA FY25 Byrne State Crisis Intervention Formula Program

**Application Number**
GRANT14625754

**Awarding Agency**
OJP

**Program Office**
BJA

**Grant Manager Name**
Andrew Rodeghero

**Phone Number**
202-880-7392

**E-mail Address**
Andrew.Rodeghero@usdoj.gov

**Project Title**
FY25 Byrne State Crisis Intervention Formula Program

**Performance Period Start Date**
10/01/2025

**Performance Period End Date**
09/30/2028

**Budget Period Start Date**
10/01/2025

**Budget Period End Date**
09/30/2028

**Project Description**
The New Jersey Department of Law and Public Safety (DLPS), Office of the Attorney General (OAG), submits this proposal to sustain and enhance New Jersey's Extreme Risk Protective Order (ERPO) program, which is informed by the ERPO Act of 2018. The program includes partnerships with the county prosecutors' offices across the state as well as the Administrative Office of the Courts to improve policies and procedures for those who may need to access an ERPO. To gauge success, ERPO filing trends will be monitored and surveys will be used to evaluate training effectiveness to ensure the program meets all statutory and federal cooperation requirements.

[ ] *I have read and understand the information presented in this section of the Federal Award Instrument.*

## Financial Information

**This award is offered subject to the conditions or limitations set forth in the Award Information, Project Information, Financial Information, and Award Conditions.**

[ ] *I have read and understand the information presented in this section of the Federal Award Instrument.*

## Award Conditions

**This award is offered subject to the conditions or limitations set forth in the Award Information, Project Information, Financial Information, and Award Conditions.**

**Condition 1**
Compliance with general appropriations-law restrictions on the use of federal funds (FY 2025)
The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable restrictions on the use of federal funds set out in federal appropriations statutes. Pertinent restrictions that may be set out in applicable appropriations acts are indicated at https://ojp.gov/funding/Explore/FY25AppropriationsRestrictions.htm, and are incorporated by reference here.

Should a question arise as to whether a particular use of federal funds by a recipient (or a subrecipient) would or might fall within the scope of an appropriations-law restriction, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

**Condition 2**
Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 38

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 38.

Among other things, 28 C.F.R. Part 38 states that recipients may not use direct Federal financial assistance from the Department of Justice to support or engage in any explicitly religious activities except when consistent with the Establishment Clause of the First Amendment to the U.S. Constitution and any other applicable requirements. An organization receiving Federal financial assistance also may not, in providing services funded by the Department of Justice or in outreach activities related to such services, discriminate against a program beneficiary or prospective program beneficiary on the basis of religion, a religious belief, a refusal to hold a religious belief, or refusal to attend or participate in a religious practice. Part 38 also sets out rules and requirements that pertain to recipient and subrecipient ("subgrantee") organizations that engage in or conduct explicitly religious activities, as well as rules and requirements that pertain to recipients and subrecipients that are faith-based or religious organizations. In addition, Part 38 states that a faith-based organization that participates in a Department of Justice funded program retains its independence from the Government and may continue to carry out its mission consistent with religious freedom and conscience protections in Federal law.

Recipients and subrecipients that provide social services under this award must give written notice to beneficiaries and prospective beneficiaries prior to the provision of services (if practicable) which shall include language substantially similar to the language in 28 CFR Part 38, Appendix C, sections (1) through (4). A sample written notice may be found at https://www.ojp.gov/program/civil-rights-office/partnerships-faith-based-and-other-neighborhood-organizations.

In certain instances, a faith-based or religious organization may be able to take religion into account when making hiring decisions, provided it satisfies certain requirements. For more information, see “Nondiscrimination provisions and the Religious Freedom Restoration Act,” accessible at https://www.ojp.gov/funding/explore/legaloverview2025/civilrightsrequirements.

**Condition 3**
Requirements pertaining to prohibited conduct related to trafficking in persons (including reporting requirements and OJP authority to terminate award)

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements (including requirements to report allegations) pertaining to prohibited conduct related to the trafficking of persons, whether on the part of recipients, subrecipients ("subgrantees"), or individuals defined (for purposes of this condition) as "employees" of the recipient or of any subrecipient.

The details of the recipient's obligations related to prohibited conduct related to trafficking in persons are posted on the OJP web site at https://ojp.gov/funding/Explore/ProhibitedConduct-Trafficking.htm (Award condition: Prohibited conduct by recipients and subrecipients related to trafficking in persons (including reporting requirements and OJP authority to terminate award)), and are incorporated by reference here.

**Condition 4**
All subawards ("subgrants") must have specific federal authorization

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements for authorization of any subaward. This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a "subaward" (and therefore does not consider a procurement "contract").

The details of the requirement for authorization of any subaward are posted on the OJP website at https://ojp.gov/funding/Explore/SubawardAuthorization.htm (Award condition: All subawards ("subgrants") must have specific federal authorization), and are incorporated by reference here.

**Condition 5**
Specific post-award approval required to use a noncompetitive approach in any procurement contract that would exceed the Simplified Acquisition Threshold

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements to obtain specific advance approval to use a noncompetitive approach in any procurement contract that would exceed the Simplified Acquisition Threshold, as set forth in the Federal Acquisition Regulations (FAR). See the definition of simplified acquisition threshold in the FAR at 48 CFR part 2, subpart 2.1. This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a procurement "contract" (and therefore does not consider a subaward).

The details of the requirement for advance approval to use a noncompetitive approach in a procurement contract under an OJP award are posted on the OJP website at https://ojp.gov/funding/Explore/NoncompetitiveProcurement.htm (Award condition: Specific post-award approval required to use a noncompetitive approach in a procurement contract (if contract would exceed Simplified Acquisition Threshold)), and are incorporated by reference here.

**Condition 6**
Federal Civil Rights and Nondiscrimination Laws (certification)

The recipient agrees that its compliance with all applicable Federal civil rights and nondiscrimination laws is material to the government's decision to make this award and any payment thereunder, including for purposes of the False Claims Act (31 U.S.C. 3729-3730 and 3801-3812), and, by accepting this award, certifies that it does not operate any programs (including any such programs having components relating to diversity, equity, and inclusion) that violate any applicable Federal civil rights or nondiscrimination laws.

**Condition 7**
Requirements of the award; remedies for non-compliance or for materially false statements

The conditions of this award are material requirements of the award. Compliance with any assurances or certifications submitted by or on behalf of the recipient that relate to conduct during the period of performance also is a material

requirement of this award.

Limited Exceptions. In certain special circumstances, the U.S. Department of Justice ("DOJ") may determine that a legal notice regarding award requirements is necessary or that it will not enforce, or enforce only in part, one or more requirements otherwise applicable to the award. Any such notice or exception regarding enforcement, including any such notice or exception made during the period of performance, is (or will be during the period of performance) set out through the Office of Justice Programs ("OJP") webpage entitled "Legal Notices: Special circumstances as to particular award conditions" (ojp.gov/funding/Explore/LegalNotices-AwardReqts.htm), and incorporated by reference into the award.

By signing and accepting this award on behalf of the recipient, the authorized recipient official accepts all material requirements of the award, and specifically adopts, as if personally executed by the authorized recipient official, all assurances or certifications submitted by or on behalf of the recipient that relate to conduct during the period of performance.

Failure to comply with one or more award requirements -- whether a condition set out in full below, a condition incorporated by reference below, or an assurance or certification related to conduct during the award period -- may result in OJP taking appropriate action with respect to the recipient and the award. Among other things, the OJP may withhold award funds, disallow costs, or suspend or terminate the award. DOJ, including OJP, also may take other legal action as appropriate.

Any materially false, fictitious, or fraudulent statement to the federal government related to this award (or concealment or omission of a material fact) may be the subject of criminal prosecution (including under 18 U.S.C. 1001 and/or 1621, and/or 34 U.S.C. 10271-10273), and also may lead to imposition of civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. 3729-3730 and 3801-3812).

Should any provision of a requirement of this award be held to be invalid or unenforceable by its terms, that provision shall first be applied with a limited construction so as to give it the maximum effect permitted by law. Should it be held, instead, that the provision is utterly invalid or -unenforceable, such provision shall be deemed severable from this award.

**Condition 8**
Effect of failure to address audit issues

The recipient understands and agrees that the DOJ awarding agency (OJP or OVW, as appropriate) may withhold award funds, or may impose other related requirements, if (as determined by the DOJ awarding agency) the recipient does not satisfactorily and promptly address outstanding issues from audits required by the Part 200 Uniform Requirements (or by the terms of this award), or other outstanding issues that arise in connection with audits, investigations, or reviews of DOJ awards.

**Condition 9**
Applicability of Part 200 Uniform Requirements

The Uniform Administrative Requirements, Cost Principles, and Audit Requirements in 2 C.F.R. Part 200, as adopted and supplemented by DOJ in 2 C.F.R. Part 2800 (together, the "Part 200 Uniform Requirements"), including, without limitation, the provisions regarding termination in 2 C.F.R. 200.340, apply to this award from OJP.

For more information and resources on the Part 200 Uniform Requirements as they relate to OJP awards and subawards ("subgrants"), see the OJP website at https://ojp.gov/funding/Part200UniformRequirements.htm.

Record retention and access: Records pertinent to the award that the recipient (and any subrecipient ("subgrantee") at any tier) must retain -- typically for a period of 3 years from the date of submission of the final expenditure report (SF 425), unless a different retention period applies -- and to which the recipient (and any subrecipient ("subgrantee") at any tier) must provide access, include performance measurement information, in addition to the financial records, supporting documents, statistical records, and other pertinent records indicated at 2 C.F.R. 200.334.

In the event that an award-related question arises from documents or other materials prepared or distributed by OJP that may appear to conflict with, or differ in some way from, the provisions of the Part 200 Uniform Requirements, the

recipient is to contact OJP promptly for clarification.

**Condition 10**
Reporting potential fraud, waste, and abuse, and similar misconduct

The recipient, and any subrecipients ("subgrantees") at any tier, must promptly refer to the DOJ Office of the Inspector General (OIG) any credible evidence that a principal, employee, agent, subrecipient, contractor, subcontractor, or other person has, in connection with funds under this award-- (1) submitted a claim that violates the False Claims Act; or (2) committed a criminal or civil violation of laws pertaining to fraud, conflict of interest, bribery, gratuity, or similar misconduct.

Potential fraud, waste, abuse, or misconduct involving or relating to funds under this award should be reported to the OIG by--(1) online submission accessible via the OIG webpage at https://oig.justice.gov/hotline/contact-grants.htm (select "Submit Report Online"); (2) mail directed to: U.S. Department of Justice, Office of the Inspector General, Investigations Division, ATTN: Fraud Detection Office, 950 Pennsylvania Ave., NW, Washington, DC 20530; and/or (3) by facsimile directed to the DOJ OIG Investigations Division (Attn: Grantee Reporting) at (202) 616-9881 (fax).

Additional information is available from the DOJ OIG website at https://oig.justice.gov/hotline.

**Condition 11**
Requirements related to "de minimis" indirect cost rate

A recipient that is eligible under the Part 200 Uniform Requirements and other applicable law to use the "de minimis" indirect cost rate described in 2 C.F.R. 200.414(f), and that elects to use the "de minimis" indirect cost rate, must advise OJP in writing of both its eligibility and its election, and must comply with all associated requirements in the Part 200 Uniform Requirements. The "de minimis" rate may be applied only to modified total direct costs (MTDC) as defined by the Part 200 Uniform Requirements.

**Condition 12**
Compliance with applicable rules regarding approval, planning, and reporting of conferences, meetings, trainings, and other events

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable laws, regulations, policies, and official DOJ guidance (including specific cost limits, prior approval and reporting requirements, where applicable) governing the use of federal funds for expenses related to conferences (as that term is defined by DOJ), including the provision of food and/or beverages at such conferences, and costs of attendance at such conferences.

Information on the pertinent DOJ definition of conferences and the rules applicable to this award appears in the DOJ Grants Financial Guide (currently, as section 3.10 of "Postaward Requirements" in the "DOJ Grants Financial Guide").

**Condition 13**
Requirement for data on performance and effectiveness under the award

The recipient must collect and maintain data that measure the performance and effectiveness of work under this award. The data must be provided to OJP in the manner (including within the timeframes) specified by OJP in the program solicitation or other applicable written guidance. Data collection supports compliance with the Government Performance and Results Act (GPRA) and the GPRA Modernization Act of 2010, and other applicable laws.

**Condition 14**
Compliance with DOJ Grants Financial Guide

References to the DOJ Grants Financial Guide are to the DOJ Grants Financial Guide as posted on the OJP website (currently, the "DOJ Grants Financial Guide" available at https://ojp.gov/financialguide/DOJ/index.htm), including any updated version that may be posted during the period of performance. The recipient agrees to comply with the DOJ Grants Financial Guide.

**Condition 15**
Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 42

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 42, specifically including 28 C.F.R. § 42.106(d), 28 C.F.R. § 42.405(c), and 28 C.F.R. § 42.505(f), which contain notice requirements that covered recipients must follow regarding the dissemination of information regarding federal nondiscrimination requirements.

**Condition 16**
Determination of suitability to interact with participating minors

SCOPE. This condition applies to this award if it is indicated -- in the application for the award (as approved by DOJ)(or in the application for any subaward, at any tier), the DOJ funding announcement (solicitation), or an associated federal statute -- that a purpose of some or all of the activities to be carried out under the award (whether by the recipient, or a subrecipient at any tier) is to benefit a set of individuals under 18 years of age.

The recipient, and any subrecipient at any tier, must make determinations of suitability before certain individuals may interact with participating minors. This requirement applies regardless of an individual's employment status.

The details of this requirement are posted on the OJP web site at https://ojp.gov/funding/Explore/Interact-Minors.htm (Award condition: Determination of suitability required, in advance, for certain individuals who may interact with participating minors), and are incorporated by reference here.

**Condition 17**
Requirement to disclose whether recipient is designated "high risk" by a federal grant-making agency outside of DOJ

If the recipient is designated "high risk" by a federal grant-making agency outside of DOJ, currently or at any time during the course of the period of performance under this award, the recipient must disclose that fact and certain related information to OJP by email at OJP.ComplianceReporting@ojp.usdoj.gov. For purposes of this disclosure, high risk includes any status under which a federal awarding agency provides additional oversight due to the recipient's past performance, or other programmatic or financial concerns with the recipient. The recipient's disclosure must include the following: 1. The federal awarding agency that currently designates the recipient high risk, 2. The date the recipient was designated high risk, 3. The high-risk point of contact at that federal awarding agency (name, phone number, and email address), and 4. The reasons for the high-risk status, as set out by the federal awarding agency.

**Condition 18**
Employment eligibility verification for hiring under the award

1. The recipient (and any subrecipient at any tier) must--

A. Ensure that, as part of the hiring process for any position within the United States that is or will be funded (in whole or in part) with award funds, the recipient (or any subrecipient) properly verifies the employment eligibility of the individual who is being hired, consistent with the provisions of 8 U.S.C. 1324a(a)(1).

B. Notify all persons associated with the recipient (or any subrecipient) who are or will be involved in activities under this award of both--

(1) this award requirement for verification of employment eligibility, and

(2) the associated provisions in 8 U.S.C. 1324a(a)(1) that, generally speaking, make it unlawful, in the United States, to hire (or recruit for employment) certain aliens.

C. Provide training (to the extent necessary) to those persons required by this condition to be notified of the award requirement for employment eligibility verification and of the associated provisions of 8 U.S.C. 1324a(a)(1).

D. As part of the recordkeeping for the award (including pursuant to the Part 200 Uniform Requirements), maintain records of all employment eligibility verifications pertinent to compliance with this award condition in accordance with Form I-9 record retention requirements, as well as records of all pertinent notifications and trainings.

2. Monitoring

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with this condition.

3. Allowable costs

To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) of actions designed to ensure compliance with this condition.

4. Rules of construction

A. Staff involved in the hiring process

For purposes of this condition, persons "who are or will be involved in activities under this award" specifically includes (without limitation) any and all recipient (or any subrecipient) officials or other staff who are or will be involved in the hiring process with respect to a position that is or will be funded (in whole or in part) with award funds.

B. Employment eligibility confirmation with E-Verify

For purposes of satisfying the requirement of this condition regarding verification of employment eligibility, the recipient (or any subrecipient) may choose to participate in, and use, E-Verify (www.e-verify.gov), provided an appropriate person authorized to act on behalf of the recipient (or subrecipient) uses E-Verify (and follows the proper E-Verify procedures, including in the event of a "Tentative Nonconfirmation" or a "Final Nonconfirmation") to confirm employment eligibility for each hiring for a position in the United States that is or will be funded (in whole or in part) with award funds.

C. "United States" specifically includes the District of Columbia, Puerto Rico, Guam, the Virgin Islands of the United States, and the Commonwealth of the Northern Mariana Islands.

D. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, or any person or other entity, to violate any federal law, including any applicable civil rights or nondiscrimination law.

E. Nothing in this condition, including in paragraph 4.B., shall be understood to relieve any recipient, any subrecipient at any tier, or any person or other entity, of any obligation otherwise imposed by law, including 8 U.S.C. 1324a(a)(1).

Questions about E-Verify should be directed to DHS. For more information about E-Verify visit the E-Verify website (https://www.e-verify.gov/) or email E-Verify at E-Verify@dhs.gov. E-Verify employer agents can email E-Verify at E-VerifyEmployerAgent@dhs.gov.

Questions about the meaning or scope of this condition should be directed to OJP, before award acceptance.

**Condition 19**
Encouragement of policies to ban text messaging while driving

Pursuant to Executive Order 13513, "Federal Leadership on Reducing Text Messaging While Driving," 74 Fed. Reg. 51225 (October 1, 2009), DOJ encourages recipients and subrecipients ("subgrantees") to adopt and enforce policies banning employees from text messaging while driving any vehicle during the course of performing work funded by this award, and to establish workplace safety policies and conduct education, awareness, and other outreach to decrease crashes caused by distracted drivers.

**Condition 20**
Reclassification of various statutory provisions to a new Title 34 of the United States Code

On September 1, 2017, various statutory provisions previously codified elsewhere in the U.S. Code were editorially reclassified (that is, moved and renumbered) to a new Title 34, entitled "Crime Control and Law Enforcement." The reclassification encompassed a number of statutory provisions pertinent to OJP awards (that is, OJP grants and cooperative agreements), including many provisions previously codified in Title 42 of the U.S. Code.

Effective as of September 1, 2017, any reference in this award document to a statutory provision that has been reclassified to the new Title 34 of the U.S. Code is to be read as a reference to that statutory provision as reclassified to Title 34. This rule of construction specifically includes references set out in award conditions, references set out in material incorporated by reference through award conditions, and references set out in other award requirements.

**Condition 21**
Restrictions and certifications regarding non-disclosure agreements and related matters

No recipient or subrecipient ("subgrantee") under this award, or entity that receives a procurement contract or subcontract with any funds under this award, may require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts, or purports to prohibit or restrict, the reporting (in accordance with law) of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information.

The foregoing is not intended, and shall not be understood by the agency making this award, to contravene requirements applicable to Standard Form 312 (which relates to classified information), Form 4414 (which relates to sensitive compartmented information), or any other form issued by a federal department or agency governing the nondisclosure of classified information.

1. In accepting this award, the recipient--

a. represents that it neither requires nor has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

b. certifies that, if it learns or is notified that it is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.

2. If the recipient does or is authorized under this award to make subawards ("subgrants"), procurement contracts, or both--

a. it represents that--

(1) it has determined that no other entity that the recipient's application proposes may or will receive award funds (whether through a subaward ("subgrant"), procurement contract, or subcontract under a procurement contract) either requires or has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

(2) it has made appropriate inquiry, or otherwise has an adequate factual basis, to support this representation; and

b. it certifies that, if it learns or is notified that any subrecipient, contractor, or subcontractor entity that receives funds under this award is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds to or by that entity, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.

**Condition 22**
OJP Training Guiding Principles

Any training or training materials that the recipient -- or any subrecipient ("subgrantee") at any tier -- develops or delivers with OJP award funds must adhere to the OJP Training Guiding Principles for Grantees and Subgrantees, available at https://www.ojp.gov/funding/implement/training-guiding-principles-grantees-and-subgrantees.

**Condition 23**
Requirement to report potentially duplicative funding

If the recipient currently has other active awards of federal funds, or if the recipient receives any other award of federal funds during the period of performance for this award, the recipient promptly must determine whether funds from any of those other federal awards have been, are being, or are to be used (in whole or in part) for one or more of the identical cost items for which funds are provided under this award. If so, the recipient must promptly notify the DOJ awarding agency (OJP or OVW, as appropriate) in writing of the potential duplication, and, if so requested by the DOJ awarding agency, must seek a budget-modification or change-of-project-scope Grant Award Modification (GAM) to eliminate any inappropriate duplication of funding.

**Condition 24**
Required training for Grant Award Administrator and Financial Manager

The Grant Award Administrator and all Financial Managers for this award must have successfully completed an "OJP financial management and grant administration training" by 120 days after the date of the recipient's acceptance of the award. Successful completion of such a training on or after January 1, 2022, will satisfy this condition.

In the event that either the Grant Award Administrator or a Financial Manager for this award changes during the period of performance, the new Grant Award Administrator or Financial Manager must have successfully completed an "OJP financial management and grant administration training" by 120 calendar days after the date the Entity Administrator enters updated Grant Award Administrator or Financial Manager information in JustGrants. Successful completion of such a training on or after January 1, 2022, will satisfy this condition.

A list of OJP trainings that OJP will consider "OJP financial management and grant administration training" for purposes of this condition is available at https://onlinegfmt.training.ojp.gov/. All trainings that satisfy this condition include a session on grant fraud prevention and detection.

The recipient should anticipate that OJP will immediately withhold ("freeze") award funds if the recipient fails to comply with this condition. The recipient's failure to comply also may lead OJP to impose additional appropriate conditions on this award.

**Condition 25**
Compliance with 41 U.S.C. 4712 (including prohibitions on reprisal; notice to employees)

The recipient (and any subrecipient at any tier) must comply with, and is subject to, all applicable provisions of 41 U.S.C. 4712, including all applicable provisions that prohibit, under specified circumstances, discrimination against an employee as reprisal for the employee's disclosure of information related to gross mismanagement of a federal grant, a gross waste of federal funds, an abuse of authority relating to a federal grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal grant.

The recipient also must inform its employees, in writing (and in the predominant native language of the workforce), of employee rights and remedies under 41 U.S.C. 4712.

Should a question arise as to the applicability of the provisions of 41 U.S.C. 4712 to this award, the recipient is to contact the DOJ awarding agency (OJP or OVW, as appropriate) for guidance.

**Condition 26**
Potential imposition of additional requirements

The recipient agrees to comply with any additional requirements that may be imposed by the DOJ awarding agency (OJP or OVW, as appropriate) during the period of performance for this award, if the recipient is designated as "high-risk" for purposes of the DOJ high-risk grantee list.

**Condition 27**
Requirement to report actual or imminent breach of personally identifiable information (PII)

The recipient (and any "subrecipient" at any tier) must have written procedures in place to respond in the event of an actual or imminent "breach" (OMB M-17-12) if it (or a subrecipient) -- (1) creates, collects, uses, processes, stores, maintains, disseminates, discloses, or disposes of "Personally Identifiable Information (PII)" (2 CFR 200.1) within the scope of an OJP grant-funded program or activity, or (2) uses or operates a "Federal information system" (OMB Circular A-130). The recipient's breach procedures must include a requirement to report actual or imminent breach of PII to an OJP Program Manager no later than 24 hours after an occurrence of an actual breach, or the detection of an imminent breach.

**Condition 28**
Requirements related to System for Award Management and Universal Identifier Requirements

The recipient must comply with applicable requirements regarding the System for Award Management (SAM), currently accessible at https://www.sam.gov/. This includes applicable requirements regarding registration with SAM, as well as maintaining the currency of information in SAM.

The recipient also must comply with applicable restrictions on subawards ("subgrants") to first-tier subrecipients (first-tier "subgrantees"), including restrictions on subawards to entities that do not acquire and provide (to the recipient) the unique entity identifier required for SAM registration.

The details of the recipient's obligations related to SAM and to unique entity identifiers are posted on the OJP web site at https://ojp.gov/funding/Explore/SAM.htm (Award condition: System for Award Management (SAM) and Universal Identifier Requirements), and are incorporated by reference here.

This condition does not apply to an award to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).

**Condition 29**
Restrictions on "lobbying"

In general, as a matter of federal law, federal funds awarded by OJP may not be used by the recipient, or any subrecipient ("subgrantee") at any tier, either directly or indirectly, to support or oppose the enactment, repeal, modification, or adoption of any law, regulation, or policy, at any level of government. See 18 U.S.C. 1913. (There may be exceptions if an applicable federal statute specifically authorizes certain activities that otherwise would be barred by law.)

Another federal law generally prohibits federal funds awarded by OJP from being used by the recipient, or any subrecipient at any tier, to pay any person to influence (or attempt to influence) a federal agency, a Member of Congress, or Congress (or an official or employee of any of them) with respect to the awarding of a federal grant or cooperative agreement, subgrant, contract, subcontract, or loan, or with respect to actions such as renewing, extending, or modifying any such award. See 31 U.S.C. 1352. Certain exceptions to this law apply, including an exception that applies to Indian tribes and tribal organizations.

Should any question arise as to whether a particular use of federal funds by a recipient (or subrecipient) would or might fall within the scope of these prohibitions, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

**Condition 30**
Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 54

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 54, which relates to nondiscrimination on the basis of sex in certain "education programs."

Among other items, 28 C.F.R. § 54.140 contains notice requirements that covered recipients must follow regarding the dissemination of information regarding federal nondiscrimination requirements.

**Condition 31**

The recipient understands that, in accepting this award, the Authorized Representative declares and certifies, among other things, that he or she possesses the requisite legal authority to accept the award on behalf of the recipient entity and, in so doing, accepts (or adopts) all material requirements that relate to conduct throughout the period of performance under this award. The recipient further understands, and agrees, that it will not assign anyone to the role of Authorized Representative during the period of performance under the award without first ensuring that the individual has the requisite legal authority.

**Condition 32**
Verification and updating of recipient contact information

The recipient must verify its Grant Award Administrator, Financial Manager, and Authorized Representative contact information in JustGrants, including telephone number and e-mail address. If any information is incorrect or has changed, the award recipient's Entity Administrator must make changes to contact information through DIAMD. Instructions on how to update contact information in JustGrants can be found at https://justicegrants.usdoj.gov/training/training-entity-management.

**Condition 33**
Confidentiality of data

The recipient (and any subrecipient at any tier) must comply with all confidentiality requirements of 34 U.S.C. 10231 and 28 C.F.R. Part 22 that are applicable to collection, use, and revelation of data or information. The recipient further agrees, as a condition of award approval, to submit a Privacy Certificate that is in accord with requirements of 28 C.F.R. Part 22 and, in particular, 28 C.F.R. 22.23 for any applicable project.

**Condition 34**
FFATA reporting: Subawards and executive compensation
The recipient must comply with applicable requirements to report first-tier subawards ("subgrants") of $30,000 or more and, in certain circumstances, to report the names and total compensation of the five most highly compensated executives of the recipient and first-tier subrecipients (first-tier "subgrantees") of award funds. The details of recipient obligations, which derive from the Federal Funding Accountability and Transparency Act of 2006 (FFATA), are set forth in 2 C.F.R. part 170, Appendix A ("Award Term") and are incorporated by reference here.
This condition, including its reporting requirement, does not apply to-- (1) an award of less than $30,000, or (2) an award made to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).
Note: In early March 2025, the reporting system that had been used for subaward reporting, the FFATA (Federal Funding Accountability and Transparency Act) Subaward Reporting System (FSRS) was retired and functionality moved to SAM.gov. For more information, including steps on how to connect your FSRS account to SAM.gov, visit https://sam.gov/fsrs.

**Condition 35**
The recipient agrees to comply with OJP grant monitoring guidelines, protocols, and procedures, and to cooperate with BJA and OCFO on all grant monitoring requests, including requests related to desk reviews, enhanced programmatic desk reviews, and/or site visits. The recipient agrees to provide to BJA and OCFO all documentation necessary to complete monitoring tasks, including documentation related to any subawards made under this award. Further, the recipient agrees to abide by reasonable deadlines set by BJA and OCFO for providing the requested documents. Failure to cooperate with BJA's/OCFO's grant monitoring activities may result in sanctions affecting the recipient's DOJ awards, including, but not limited to: withholdings and/or other restrictions on the recipient's access to grant funds; referral to the Office of the Inspector General for audit review; designation of the recipient as a DOJ High Risk grantee; or termination of an award(s).

**Condition 36**
Any publication (e.g., curricula, training materials, publications, reports, videos, or any other written, web-based, or audio-visual, or other materials) funded in whole or in part under this award, (with the exception of press releases, websites, and mobile applications), shall contain the following statement: "This project was supported by Grant No. <Award_Number> awarded by the Bureau of Justice Assistance, Office of Justice Programs, U.S. Department of Justice. Points of view or opinions in this document are those of the author and do not necessarily represent the official position or policies of the U.S. Department of Justice."

Any website or mobile application that is funded in whole or in part under this award must include the following statement where most practicable: "This website [or application] was supported by Grant No. <Award_Number> awarded by the Bureau of Justice Assistance, Office of Justice Programs, U.S. Department of Justice. Neither the U.S. Department of Justice nor any of its components operate, control, are responsible for, or necessarily endorse, this website [or application] (including, without limitation, its content, technical infrastructure, and policies, and any services or tools provided)." The full text of the foregoing statement must be clearly visible. The statement may also be included through a link, entitled "Notice of Federal Funding and Federal Disclaimer," to the full text of the statement.

Upon specific request by BJA, the recipient must submit to BJA for review and approval (or, for recipients or subrecipients that are institutions of higher education, review and comment) any publication or product developed under this award at least 30 working days prior to the targeted dissemination date.

The current edition of the DOJ Grants Financial Guide provides additional guidance on allowable printing and publication activities.

**Condition 37**
Required monitoring of subawards

The recipient must monitor subawards under this award in accordance with all applicable statutes, regulations, award conditions, and the DOJ Grants Financial Guide, and must include the applicable conditions of this award in any subaward. Among other things, the recipient is responsible for oversight of subrecipient spending and monitoring of specific outcomes and benefits attributable to use of award funds by subrecipients. The recipient agrees to submit, upon request, documentation of its policies and procedures for monitoring of subawards under this award.

**Condition 38**
Compliance with National Environmental Policy Act and related statutes

Upon request, the recipient (and any subrecipient at any tier) must assist BJA in complying with the National Environmental Policy Act (NEPA), the National Historic Preservation Act, and other related federal environmental requirements in the use of these award funds, either directly by the recipient or by a subrecipient. Accordingly, the recipient agrees to determine if any of the following activities will be funded by the grant prior to obligating funds for any of these purposes. If it is determined that any of the following activities will be funded by the award, the recipient agrees to contact BJA, and follow instructions regarding NEPA compliance.

The activities covered by this condition are:

a. New construction;
b. Minor renovation or remodeling of a property located in an environmentally or historically sensitive area, including properties located within a 100-year flood plain, a wetland, or habitat for endangered species, or a property listed on or eligible for listing on the National Register of Historic Places;
c. A renovation, lease, or any proposed use of a building or facility that will either (a) result in a change in its basic prior use or (b) significantly change its size;
d. Implementation of a new program involving the use of chemicals other than chemicals that are (a) purchased as an incidental component of a funded activity and (b) traditionally used, for example, in office, household, recreational, or education environments;
e. Implementation of a program relating to clandestine methamphetamine laboratory operations, including the identification, seizure, or closure of clandestine methamphetamine laboratories; and
f. Any extraordinary or unusual project with potential to have a significant environmental impact.

The recipient understands and agrees that complying with NEPA may require the preparation of an Environmental Assessment and/or an Environmental Impact Statement, as directed by BJA.

**Condition 39**
Justice Information Sharing

Information sharing projects funded under this award must comply with DOJ's Global Justice Information Sharing Initiative (Global) guidelines. The recipient (and any subrecipient at any tier) must conform to the Global Standards

Package (GSP) and all constituent elements, where applicable, as described at: https://bja.ojp.gov/program/it/gsp-grant-condition. The recipient (and any subrecipient at any tier) must document planned approaches to information sharing and describe compliance with the GSP and appropriate privacy policy that protects shared information, or provide detailed justification for why an alternative approach is recommended.

**Condition 40**
Avoidance of duplication of networks

To avoid duplicating existing networks or IT systems in any initiatives funded by BJA for law enforcement information sharing systems that involve interstate connectivity between jurisdictions, such systems shall employ, to the extent possible, existing networks as the communication backbone to achieve interstate connectivity, unless the recipient can demonstrate to the satisfaction of BJA that this requirement would not be cost effective or would impair the functionality of an existing or proposed IT system.

**Condition 41**
Compliance with 28 C.F.R. Part 23

With respect to any information technology system funded or supported by funds under this award, the recipient (and any subrecipient at any tier) must comply with 28 C.F.R. Part 23, Criminal Intelligence Systems Operating Policies, if OJP determines this regulation to be applicable. Should OJP determine 28 C.F.R. Part 23 to be applicable, OJP may, at its discretion, perform audits of the system, as per the regulation. Should any violation of 28 C.F.R. Part 23 occur, the recipient may be fined as per 34 U.S.C. 10231(c)-(d). The recipient may not satisfy such a fine with federal funds.

**Condition 42**
Protection of human research subjects

The recipient (and any subrecipient at any tier) must comply with the requirements of 28 C.F.R. Part 46 and all OJP policies and procedures regarding the protection of human research subjects, including obtainment of Institutional Review Board approval, if appropriate, and subject informed consent.

**Condition 43**
The recipient agrees to cooperate with any assessments, national evaluation efforts, or information or data collection requests, including, but not limited to, the provision of any information required for the assessment or evaluation of any activities within this project.

**Condition 44**
Body armor - compliance with NIJ standards and other requirements

Ballistic-resistant and stab-resistant body armor purchased with award funds may be purchased at any threat level, make or model, from any distributor or manufacturer, as long as the body armor has been tested and found to comply with applicable National Institute of Justice ballistic or stab standards, and is listed on the NIJ Compliant Body Armor Model List. In addition, ballistic-resistant and stab-resistant body armor purchased must be uniquely fitted, as set forth in 34 U.S.C. 10202(c)(1)(A). The latest NIJ standard information and the NIJ Compliant Body Armor List may be found by following the links located on the NIJ Body Armor page: https://nij.ojp.gov/topics/equipment-and-technology/body-armor. In addition, if the recipient uses funds under this award to purchase body armor, the recipient is strongly encouraged to have a "mandatory wear" policy in effect. There are no requirements regarding the nature of the policy other than it be a mandatory wear policy for all uniformed officers while on duty.

**Condition 45**
No funds may be used for UAS except with express prior approval from BJA. To request such approval, the recipient (or subrecipient, at any tier) must submit to BJA a written certification that, among other things, certifies that only UAS verified by the Defense Contract Monitoring Agency's “Blue UAS Cleared List” or any successor list (available at https://bluelist.appsplatformportals.us/) as not manufactured by a “covered foreign entity” may be purchased or operated under the federal award and, further, that no modifications or additional accessories may be introduced to the UAS funded by the award. The purchased UAS may not be used to process, store, or transmit Federal information. The recipient (or subrecipient) also must assure BJA that it has sufficient policies and procedures regarding privacy, civil

liberties, and information technology cybersecurity related to the operation of the UAS. Finally, the recipient (or subrecipient) may be required to provide additional documentation to verify purchase and the related policies for the UAS. Funds proposed for the purchase of UAS may be withheld, pending confirmation of compliance with the terms of this award. Additional information and the required certification form may be found here: https://bja.ojp.gov/funding/uas.

**Condition 46**
Submission of eligible records relevant to the National Instant Background Check System

Consonant with federal statutes that pertain to firearms and background checks -- including 18 U.S.C. 922 and 34 U.S.C. ch. 409 -- if the recipient (or any subrecipient at any tier) uses this award to fund (in whole or in part) a specific project or program (such as a law enforcement, prosecution, or court program) that results in any court dispositions, information, or other records that are "eligible records" (under federal or State law) relevant to the National Instant Background Check System (NICS), or that has as one of its purposes the establishment or improvement of records systems that contain any court dispositions, information, or other records that are "eligible records" (under federal or State law) relevant to the NICS, the recipient (or subrecipient, if applicable) must ensure that all such court dispositions, information, or other records that are "eligible records" (under federal or State law) relevant to the NICS are promptly made available to the NICS or to the "State" repository/database that is electronically available to (and accessed by) the NICS, and -- when appropriate -- promptly must update, correct, modify, or remove such NICS-relevant "eligible records".

In the event of minor and transitory non-compliance, the recipient may submit evidence to demonstrate diligent monitoring of compliance with this condition (including subrecipient compliance). DOJ will give great weight to any such evidence in any express written determination regarding this condition.

**Condition 47**
The recipient understands and agrees that no more than 10 percent of the total amount of this award may be used by the recipient for direct costs associated with administering the award.

**Condition 48**
The recipient may not obligate, expend, or draw down funds for subawards until BJA provides explicit written approval of the proposed subaward(s). Prior approval for all subawards must be obtained post-award, through the submission and approval of a Grant Award Modification (GAM) through OJP’s JustGrants system.

**Condition 49**
Extreme risk protection order (ERPO) programs funded under this award must include, at a minimum: pre-deprivation and post-deprivation due process rights that prevent any violation or infringement of the Constitution of the United States, including but not limited to the Bill of Rights, and the substantive or procedural due process rights guaranteed under the Fifth and Fourteenth Amendments to the Constitution of the United States, as applied to the States, and as interpreted by State courts and United States courts (including the Supreme Court of the United States). Such programs must include, at the appropriate phase to prevent any violation of constitutional rights, at minimum, notice, the right to an in-person hearing, an unbiased adjudicator, the right to know opposing evidence, the right to present evidence, and the right to confront adverse witnesses; the right to be represented by counsel at no expense to the government; pre-deprivation and post-deprivation heightened evidentiary standards and proof which mean not less than the protections afforded to a similarly situated litigant in Federal court or promulgated by the State's evidentiary body, and sufficient to ensure the full protections of the Constitution of the United States, including but not limited to the Bill of Rights, and the substantive and procedural due process rights guaranteed under the Fifth and Fourteenth Amendments to the Constitution of the United States, as applied to the States, and as interpreted by State courts and United States courts (including the Supreme Court of the United States). The heightened evidentiary standards and proof under such programs must, at all appropriate phases to prevent any violation of any constitutional right, at minimum, prevent reliance upon evidence that is unsworn or unaffirmed, irrelevant, based on inadmissible hearsay, unreliable, vague, speculative, and lacking a foundation; and penalties for abuse of the program.
Recipients who plan to use funding to support ERPO programs must submit a Certification Relating to Pub. L. No. 90-351, Title I, Sec. 501(a)(1)(I)(iv), signed by the principal legal officer, certifying that the ERPO program to be funded satisfies each of the listed requirements prior to the use of award funds for ERPO programs. Funds proposed for ERPO programs may be withheld, pending confirmation of compliance with the terms of this award.

**Condition 50**

The recipient understands and agrees that it must (1) subaward at least 40% of the award amount to units of local government in order to meet the Local Pass-through, and (2) subaward additional amounts identified by BJA to state courts that provide criminal justice and civil justice services for the “less-than-$10,000 jurisdictions” within the state and/or subaward the funds to such jurisdictions. Additional detail about both of these pass-through requirements is available in the applicable fiscal year's Byrne State Crisis Intervention Program Formula Notice of Funding Opportunity (NOFO).

**Condition 51**

The recipient is authorized to incur obligations, expend, and draw down funds in an amount not to exceed $20,000, for the sole purpose of developing the program and budget plans. The recipient is not authorized to incur any additional obligations or make any additional expenditures or drawdowns until (1) the recipient submits program and budget plans, (2) BJA approves the submission via Grant Award Modification (GAM), and (3) BJA has issued an Award Condition Modification (ACM) releasing this award condition.

**Condition 52**

Limit on use of grant funds for recipients' employees' salaries

With respect to this award, federal funds may not be used to pay cash compensation (salary plus bonuses) to any employee of the award recipient at a rate that exceeds 110% of the maximum annual salary payable to a member of the federal government's Senior Executive Service (SES) at an agency with a Certified SES Performance Appraisal System for that year. (An award recipient may compensate an employee at a higher rate, provided the amount in excess of this compensation limitation is paid with non-federal funds.)

This limitation on compensation rates allowable under this award may be waived on an individual basis at the discretion of the OJP official indicated in the program announcement under which this award is made.

**Condition 53**

Recipient integrity and performance matters: Requirement to report information on certain civil, criminal, and administrative proceedings to SAM and FAPIIS

The recipient must comply with any and all applicable requirements regarding reporting of information on civil, criminal, and administrative proceedings connected with (or connected to the performance of) either this OJP award or any other grant, cooperative agreement, or procurement contract from the federal government. Under certain circumstances, recipients of OJP awards are required to report information about such proceedings, through the federal System for Award Management (known as "SAM"), to the designated federal integrity and performance system (currently, "FAPIIS").

The details of recipient obligations regarding the required reporting (and updating) of information on certain civil, criminal, and administrative proceedings to the federal designated integrity and performance system (currently, "FAPIIS") within SAM are posted on the OJP website at https://ojp.gov/funding/FAPIIS.htm (Award condition: Recipient Integrity and Performance Matters, including Recipient Reporting to FAPIIS), and are incorporated by reference here.

**Condition 54**

The recipient understands and agrees that no award funds may be used for any expenses related to public awareness campaigns for an extreme risk protection program.

**Condition 55**

Noninterference (with award funds and within the funded "program or activity") with federal law enforcement: No public disclosure of certain law-enforcement-sensitive information

SCOPE. This condition applies throughout the entire award period of performance. Its provisions must be among those included in any subaward (at any tier).

1. No use of funds to interfere: No public disclosure of federal law-enforcement information in order to conceal, harbor, or shield.

Consistent with the purposes and objectives of federal law enforcement statutes and federal criminal law (including 8 U.S.C. 1324 and 18 U.S.C. chs. 1, 49, 227), no State or local government entity, agency, or official (including a government-contracted correctional facility) may use funds under this award to make any public disclosure of any federal law-enforcement information in a direct or indirect attempt to conceal, harbor, or shield from detection any

fugitive from justice under 18 U.S.C. ch. 49, or any alien who has come to, entered, or remains in the United States in violation of 8 U.S.C. ch. 12—without regard to whether such disclosure would constitute (or could form a predicate for) a violation of 18 U.S.C. 1071 or 1072 or of 8 U.S.C. 1324(a).
2. Noninterference: No public disclosure of federal law-enforcement information in order to conceal, harbor, or shield within the funded “program or activity.”
With respect to the "program or activity" funded in whole or part under this award (including any such program or activity of any subrecipient at any tier), and consistent with federal law as cited in para. 1 of this condition, no State or local government entity, agency, or official (including a government-contracted correctional facility) within the funded program or activity may make any public disclosure of any federal law-enforcement information in a direct or indirect attempt to conceal, harbor, or shield from detection any fugitive from justice under 18 U.S.C. ch. 49, or any alien who has come to, entered, or remains in the United States in violation of 8 U.S.C. ch. 12—without regard to whether such disclosure would constitute (or could form a predicate for) a violation of 18 U.S.C. 1071 or 1072 or of 8 U.S.C. 1324(a).
3. Monitoring. The recipient's monitoring responsibilities include monitoring of subrecipient compliance with this condition.
4. Allowable costs. To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) of actions (e.g., training) designed to ensure compliance with this condition.
5. Rules of construction.
A. For purposes of this condition—
(1) the term "alien" means what it means under section 101 of the Immigration and Nationality Act (see 8 U.S.C. 1101(a)(3));
(2) the term "federal law-enforcement information" means law-enforcement-sensitive information communicated or made available, by the federal government, to a State or local government entity, agency, or official, through any means, including, without limitation—
(a) through any database,
(b) in connection with any law enforcement partnership or task-force,
(c) in connection with any request for law enforcement assistance or -cooperation, or
(d) through any deconfliction (or courtesy) notice of planned, imminent, commencing, continuing, or impending federal law enforcement activity;
(3) the term "law-enforcement-sensitive information" means records or information compiled for any law-enforcement purpose; and
(4) the term "public disclosure" means any communication or release other than one—
(a) within the recipient, or
(b) to any subrecipient (at any tier) that is a government entity.
B. This condition shall be enforceable to the extent that it does not otherwise contravene any express requirement of any federal law, or of any judicial ruling, governing or applicable to the award.
C. The "Rules of Construction" set out in the "Noninterference (with award funds and within the funded "program or activity") with federal law enforcement: information-communication restrictions; ongoing compliance" award condition are incorporated by reference as though set forth here in full.

**Condition 56**
Noninterference (with award funds and within the funded "program or activity") with federal law enforcement: information-communication restrictions
SCOPE. This condition applies throughout the entire award period of performance. Its provisions must be among those included in any subaward (at any tier).
1. Throughout the entire award period of performance, no State or local government entity, -agency, or -official may use funds under this award (including under any subaward, at any tier) to prohibit or in any way restrict—
(1) any government entity or -official from sending or receiving information regarding citizenship or immigration status to or from DHS; or
(2) a government entity or agency from sending, requesting or receiving, or exchanging information regarding immigration status to, from, or with DHS, or from maintaining such information.
Any prohibition (or restriction) that violates this condition is an "information-communication restriction" under this award.
2. With respect to the "program or activity" funded in whole or part under this award (including any such program or activity of any subrecipient at any tier), throughout the entire award period of performance, no State or local government entity, agency, or official may implement an “information-communication restriction.”
3. The recipient's monitoring responsibilities include monitoring of subrecipient compliance with the requirements of this condition.
4. Allowable costs. Compliance with these requirements is an authorized and priority purpose of this award. To the

extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) that the recipient, or any subrecipient at any tier that is a State or local government incurs to implement this condition.
5. Rules of Construction.
A. For purposes of this condition:
(1) "State" and "local government" include any agency or other entity thereof, but not any public institution of higher education or Indian tribe.
(2) "Program or activity" means what it means under title VI of the Civil Rights Act of 1964 (see 42 U.S.C. 2000d-4a).
(3) "Immigration status" means what it means under 8 U.S.C. 1373 and 8 U.S.C. 1644; and terms that are defined in 8 U.S.C. 1101 mean what they mean under that section 1101, except that "State" also includes American Samoa.
(4) “DHS” means the U.S. Department of Homeland Security.
B. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, or any other entity (or individual) to violate any federal law, including any applicable civil rights or nondiscrimination law.
C. This condition shall be enforceable to the extent that it does not otherwise contravene any express requirement of any federal law, or of any judicial ruling, governing or applicable to the award.

**Condition 57**
Noninterference (with award funds and within the funded "program or activity") with federal law enforcement: Notice of scheduled release
SCOPE. This condition applies throughout the entire award period of performance. Its provisions must be among those included in any subaward at any tier.
1. No use of funds to interfere with "removal" process: Notice of scheduled release date and time.
Consonant with federal law enforcement statutes—including 8 U.S.C. 1231 (for an alien incarcerated by a State or local government, a 90-day "removal period" during which the federal government "shall" detain and then "shall" remove an alien from the U.S. "begins" no later than "the date the alien is released from ... confinement"; also, the federal government is expressly authorized to make payments to a "State or a political subdivision of the State ... with respect to the incarceration of [an] undocumented criminal alien"); 8 U.S.C. 1226 (the federal government "shall take into custody" certain criminal aliens "when the alien is released"); and 8 U.S.C. 1366 (requiring an annual report to Congress on "the number of illegal alien[ felons] in Federal and State prisons" and programs underway "to ensure the prompt removal" from the U.S. of removable "criminal aliens")—no State or local government entity, agency, or official (including a government-contracted correctional facility) may use funds under this award to interfere with the "removal" process by failing to provide (as early as practicable (see para. 5.B. below)) advance notice to DHS of the scheduled release date and time for a particular alien, if a State or local government (or government-contracted) correctional facility receives from DHS a formal written request pursuant to the INA that seeks such advance notice.
2. Noninterference with "removal" process: Notice of scheduled release date and time within the funded “program or activity.”
With respect to the "program or activity" funded in whole or part under this award (including any such program or activity of any subrecipient at any tier), and consonant with federal law enforcement statutes as cited in para. 1 of this condition, no State or local government entity, agency, or official (including a government-contracted correctional facility) within the funded program or activity may interfere with the "removal" process by failing to provide (as early as practicable (see para. 4.B. below)) advance notice to DHS of the scheduled release date and time for a particular alien, if a State or local government (or government-contracted) correctional facility receives from DHS a formal written request pursuant to the INA that seeks such advance notice.
3. Monitoring. The recipient's monitoring responsibilities include monitoring of subrecipient compliance with this condition.
4. Allowable costs. To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) of actions (e.g., training) designed to ensure compliance with this condition.
5. Rules of construction
A. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, or any other entity or individual to maintain (or detain) any individual in custody beyond the date and time the individual otherwise would have been released.
B. Applicability.
(1) Current DHS practice is ordinarily to request advance notice of scheduled release "as early as practicable (at least 48 hours, if possible)." (See DHS Form I-247A (3/17)). If (e.g., in light of the date DHS made such request) the scheduled release date and time for an alien are such as not to allow for the advance notice that DHS has requested, it shall NOT be a violation of this condition to provide only as much advance notice as, in fact, practicable.
(2) Current DHS practice is to use the same form for a second, distinct purpose—to request that an individual be

detained for up to 48 hours AFTER the scheduled release. This condition does NOT encompass such DHS requests for detention.
C. This condition shall be enforceable to the extent that it does not otherwise contravene any express requirement of any federal law, or of any judicial ruling, governing or applicable to the award.
D. The "Rules of Construction" set out in the "Noninterference (with award funds and within the funded "program or activity") with federal law enforcement: Interrogation of certain aliens" award condition are incorporated by reference as though set forth here in full.

**Condition 58**

Noninterference (with award funds and within the funded "program or activity") with federal law enforcement: Interrogation of certain aliens
SCOPE. This condition applies throughout the entire award period of performance. Its provisions must be among those included in any subaward (at any tier).
1. No use of funds to interfere with statutory law enforcement access to correctional facilities.
Consonant with federal law enforcement statutes and regulations—including 8 U.S.C. 1357(a) (under which certain federal officers and employees "have power without warrant ... to interrogate any alien or person believed to be an alien as to his right to be or to remain” in the United States), and 8 C.F.R. 287.5(a) (under which that power may be exercised "anywhere in or outside” the United States)—no State or local government entity, agency, or official within the funded program or activity may use funds under this award to interfere with the exercise of that power to interrogate "without warrant" (by agents of the United States acting under color of federal law) by impeding access to any State or local government (or government-contracted) correctional facility by such agents for the purpose of "interrogat[ing] any alien or person believed to be an alien as to his [or her] right to be or to remain in the United States."
2. Noninterference with statutory law enforcement access to correctional facilities within the funded “program or activity.”
With respect to the "program or activity" funded in whole or part under this award (including any such program or activity of any subrecipient at any tier), and consonant with federal law enforcement statutes and regulations as cited in para. 1 of this condition, no State or local government entity, agency, or official within the funded program or activity may interfere with the exercise of that power to interrogate "without warrant" (by agents of the United States acting under color of federal law) by impeding access to any State or local government (or government-contracted) correctional facility by such agents for the purpose of "interrogat[ing] any alien or person believed to be an alien as to his [or her] right to be or to remain in the United States."
3. Monitoring. The recipient's monitoring responsibilities include monitoring of subrecipient compliance with this condition.
4. Allowable costs. To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) of actions (e.g., training) designed to ensure compliance with this condition.
5. Rules of construction
A. For purposes of this condition:
(1) The term "alien" means what it means under sec. 101 of the Immigration and Nationality Act (INA) (8 U.S.C. 1101(a)(3)), except that, with respect to a juvenile offender, it means “criminal alien.”
(2) The term “juvenile offender” means what it means under 28 C.F.R. 31.304(f) (as in effect on Jan. 1, 2026.)
(3) The term "criminal alien" means, with respect to a juvenile offender, an alien who is deportable on the basis of—
(a) conviction described in 8 U.S.C. 1227(a)(2), or
(b) conduct described in 8 U.S.C. 1227(a)(4).
(4) The term "conviction" means what it means under 8 U.S.C. 1101(a)(48). (Adjudication of a juvenile as having committed an offense does not constitute "conviction" for purposes of this condition.)
(5) The term "correctional facility" means what it means under 34 U.S.C. 10251(a)(7)) as of Jan. 1, 2026.
(6) The term "impede" includes taking or continuing any action, or implementing or maintaining any law, policy, rule, or practice, that—
(a) is designed to prevent or to significantly delay or complicate, or
(b) has the effect of preventing or of significantly delaying or complicating.
(7) "State" and "local government" include any agency or other entity thereof, but not any public institution of higher education or Indian tribe.
(8) "Program or activity" means what it means under title VI of the Civil Rights Act of 1964 (see 42 U.S.C. 2000d-4a).
B. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, or any other entity (or individual) to violate any federal law, including any applicable civil rights or nondiscrimination law.
C. This condition shall be enforceable to the extent that it does not otherwise contravene any express requirement of

any federal law, or of any judicial ruling, governing or applicable to the award.

[ ] *I have read and understand the information presented in this section of the Federal Award Instrument.*

## Award Acceptance

**Declaration and Certification to the U.S. Department of Justice as to Acceptance**

By checking the declaration and certification box below, I--

A. Declare to the U.S. Department of Justice (DOJ), under penalty of perjury, that I have authority to make this declaration and certification on behalf of the applicant.

B. Certify to DOJ, under penalty of perjury, on behalf of myself and the applicant, to the best of my knowledge and belief, that the following are true as of the date of this award acceptance: (1) I have conducted or there was conducted (including by applicant's legal counsel as appropriate and made available to me) a diligent review of all terms and conditions of, and all supporting materials submitted in connection with, this award, including any assurances and certifications (including anything submitted in connection therewith by a person on behalf of the applicant before, after, or at the time of the application submission and any materials that accompany this acceptance and certification); and (2) I have the legal authority to accept this award on behalf of the applicant.

C. Accept this award on behalf of the applicant.

D. Declare the following to DOJ, under penalty of perjury, on behalf of myself and the applicant: (1) I understand that, in taking (or not taking) any action pursuant to this declaration and certification, DOJ will rely upon this declaration and certification as a material representation; and (2) I understand that any materially false, fictitious, or fraudulent information or statement in this declaration and certification (or concealment or omission of a material fact as to either) may be the subject of criminal prosecution (including under 18 U.S.C. §§ 1001 and/or 1621, and/or 34 U.S.C. §§ 10271-10273), and also may subject me and the applicant to civil penalties and administrative remedies under the federal False Claims Act (including under 31 U.S.C. §§ 3729-3730 and/or §§ 3801-3812) or otherwise.

**Agency Approval**

| Title of Approving Official | Name of Approving Official | Signed Date And Time |
|---|---|---|
| Deputy Assistant Attorney General | Maureen A. Henneberg | 7/13/26 2:02 PM |

**Authorized Representative**

☐ Declaration and Certification

**Entity Acceptance**

### Title of Authorized Entity Official
no value

### Signed Date And Time
no value